UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAMES D. DAVIS,                            :
                                           :
                Petitioner,                :          Civ. No. 15-1880 (KM) (MAH)
                                           :
        v.                                 :          **OPINION**
                                           :
JERSEY CITY POLICE DEPARTMENT, et al.,     :
                                           :
                Defendants.                :
                                           :

**KEVIN MCNULTY, U.S.D.J.**

## I.      INTRODUCTION

The plaintiff, James D. Davis, is a prisoner at the Southern State Correctional Facility in

Delmont, New Jersey. Mr. Davis is proceeding *pro se* with a civil rights complaint pursuant to

42 U.S.C. § 1983. Mr. Davis's application to proceed *in forma pauperis* will be granted based on

the information provided therein, and the Clerk will be ordered to file the complaint.

The Court must now review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and

1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state

a claim upon which relief may be granted, or because it seeks monetary relief from a defendant

who is immune from suit. For the reasons set forth below, the complaint will be dismissed. As to

some defendants, this dismissal will be without prejudice; as to others, with prejudice.

## II.      BACKGROUND

The allegations of the complaint will be taken as true for purposes of this screening.  Mr.

Davis names as defendants the following:  (1) Jersey City Police Department; (2) Matthew

Kilroy – Jersey City Police Officer; (3) Jason Perez – Jersey City Police Officer; (4) Ansetti &

Associates; and (5) Vincent Ansetti – Attorney at Law at Ansetti & Associates.

The claims in the complaint fall into two categories:  claims against the police and claims against the attorneys.

As to the police, Mr. Davis asserts that Officers Kilroy and Perez violated his Fourth Amendment rights in the course of a traffic stop on June 25, 2012, when they searched his vehicle for proof of ownership. At the time, he claims, the officers lacked probable cause for a search because Davis's ownership of the vehicle could readily be established. Because the officers possessed his driver's license, they had sufficient information to make a radio check instead of searching the vehicle. Davis was arrested for gun possession. He states in the complaint that he is now a convicted and sentenced state prisoner.

As to the attorneys, Mr. Davis claims that Vincent Ansetti violated his Sixth Amendment right to effective assistance of counsel when he appeared for a December 18, 2012 suppression hearing unprepared. The outcome of his suppression hearing would have been different, says Davis, if Ansetti had prepared properly. Davis seeks money damages.

### III.    STANDARD OF REVIEW

A. Standard for *Sua Sponte* Dismissal

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must screen complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to dismiss *sua sponte* any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

2

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curaim) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit.

To survive the court's screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

B. <u>Section 1983 Actions</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV.   DISCUSSION

### A. Police Defendants/Statute of Limitations

The claims against the police defendants must be dismissed because they are barred by the applicable statute of limitations.

Section 1983 claims are subject to New Jersey's two-year statute of limitations. *See Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013) (per curiam) (citing *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010)). The date when a cause of action under § 1983 accrues, however, is a matter of federal law. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing *Gentry v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991)). "Under federal law, a cause of action accrues, and the statute of limitations begins to run when the plaintiff knew or should have known of the injury upon which its action is based." *Id.* (internal quotation marks and citations omitted). "As a general matter, a cause of action accrues at the time of the last event

necessary to complete the tort, usually at the time the plaintiff suffers an injury." *Id.* (citing

*United States v. Kubrick*, 444 U.S. 111, 120 (1979)).

The acts giving rise to Mr. Davis' claims against the police defendants occurred on June

25, 2012, when the allegedly illegal search of his vehicle took place. Then and there, Mr. Davis

would have been aware of the facts giving rise to his claims against the police defendants. *See*

*Woodson v. Payton*, 503 F. App'x 110, 112 (3d Cir. 2012) (per curiam) (noting claims based on

illegal search generally accrue on the date of the search). The two year Section 1983 statute of

limitations therefore began to run on June 25, 2012 and expired on June 25, 2014.

The question, then, is whether the Complaint was filed on or before June 25, 2014. I find

that it was not.

The Court received the complaint on March 13, 2015 (ECF no. 1), well beyond the two-

year statute of limitations. I will consider, however, whether it is saved by the "mailbox rule,"

under which a prisoner's complaint will be deemed filed on the date it was delivered to the

prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988). Mr. Davis does

not state when he handed his complaint over to prison officials for mailing. In such cases, courts

often look to the date that the prisoner signed the document; logically, the prisoner cannot have

mailed it any earlier than that. *See Henderson v. Frank*, 155 F.3d 159, 163-64 (3d Cir. 1998)

(using date prisoner signed petition as date he handed it to prison officials for mailing); *Maples*

*v. Warren*, No. 12-0993, 2012 WL 1344828, at *1 n.2 (D.N.J. Apr. 16, 2012) ("Often times,

when the court is unable to determine the exact date that a petitioner handed his petition to prison

officials for mailing, it will look to the signed and dated certification of the petition."). Blind

alley again; Mr. Davis did not date his complaint.

Nor did Mr. Davis date the application to proceed *in forma pauperis* that accompanied his complaint. There is one contemporaneously dated document, however. As is required, Mr. Davis's *in forma pauperis* application included a certification by a prison official as to the status of his prisoner financial account. That official certification is dated January 8, 2015, and it arrived in the same envelope as the complaint. (ECF 1-1) The complaint, then, cannot have been deposited for mailing any earlier than that. Giving Mr. Davis every benefit of the doubt (despite the two-month gap between the date of the certification and the Court's receipt of the complaint), I will deem January 8, 2015, to be the earliest possible date Mr. Davis filed his complaint.[1]

The mailbox rule, however, still does not bring the police claims within the statute of limitations. The statutory two-year period expired in June 2014, some six months before the January 2015 filing of the complaint.

Finally, I consider whether the limitations period may be suspended, or tolled. "'State law, unless inconsistent with federal law, also governs the concomitant issue of whether a limitations period should be tolled.'" *McPherson v. United States*, 392 F. App'x 938, 944 (3d Cir. 2010) (quoting *Dique*, 603 F.3d at 185).

New Jersey law sets forth certain bases for so-called "statutory tolling." *See, e.g.*, N.J. STAT. ANN. § 2A;14-21 (minority or insanity); N.J. STAT. ANN. § 2A:14-22 (non-residency of persons liable). Nothing in the complaint, however, supports any of the statutory bases for tolling.

New Jersey law also "permits equitable tolling where 'the complainant has been induced or tricked by his adversary's misconduct into allowing the deadline to pass,' or where a plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or where a plaintiff has

---

[1]     A second account statement, also attached, covers the period through February 19, 2015, and the last entry in it is for February 13, 2015.

timely asserted his rights mistakenly by either defective pleading or in the wrong forum." *Cason v. Arie Street Police Dep't*, No. 10-0497, 2010 WL 2674399, at *5 n.4 (D.N.J. June 29, 2010) (citing *Freeman v. State*, 347 N.J. Super. 11, 31, 788 A.2d 867 (N.J. Sup. Ct. App. Div. 2002). Again, the complaint does not articulate any basis for equitable tolling.

It is therefore apparent from the face of the complaint that Mr. Davis's claims against the police defendants are barred by the statute of limitations and must therefore be dismissed. *See Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111-12 (3d Cir. 2013) (per curiam) ("Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint *sua sponte* under § 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.") (citing *Fogle v. Peirson*, 435 F.3d 1252, 1258 (10th Cir. 2006)); *Hunterson v. Disabato*, 244 F. App'x 455, 457 (3d Cir. 2007) (per curiam) ("[A] district court may *sua sponte* dismiss a claim as time-barred under 28 U.S.C. § 1915A(b)(1) where it is apparent from the complaint that the applicable statute of limitations has run.").

This dismissal is, however, without prejudice to the filing of a proposed complaint within thirty days, in which Mr. Davis may assert any facts that demonstrate that the applicable statute of limitations does not bar these claims.

B. Attorney Defendants

Mr. Davis also asserts a Section 1983 claim for monetary damages because his attorney was unprepared for his suppression hearing.[2] This claim fails because it lacks an essential element of a claim under 42 U.S.C. § 1983: action under color of State law.

---

[2]    This might be interpreted as a claim of ineffective assistance of counsel under the Sixth Amendment. Ineffective assistance is a common ground for attacking a criminal conviction, but it is not necessarily a basis for a Section 1983 claim for damages.

Mr. Davis's claims against the attorney defendants arise from the lawyer's traditional function as counsel in a criminal proceeding. But "[a] defense attorney 'does not act under color of state law when performing a lawyer's traditional functions as counsel in a criminal proceeding.'" *Xenos v. Slojund*, 424 F. App'x 80, 81 (3d Cir. 2011) (per curiam) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981)). Accordingly, Mr. Davis fails to state a § 1983 claim against the attorney defendants.  Because the The claims against the attorney defendants will be dismissed with prejudice as any amendment to the claims against them would be futile.

## V.   CONCLUSION

For the foregoing reasons, Mr. Davis's claims against the police defendants will be dismissed without prejudice because they are barred by the applicable two-year statute of limitations. Mr. Davis's claims against the attorney defendants will be dismissed with prejudice for failure to state a claim upon which relief may be granted. An appropriate order will be entered.

Dated: March 18, 2015

_____
KEVIN MCNULTY
United States District Judge

8