UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES D. DAVIS, | : |
| Plaintiff, | : Civ. No. 15-1880 (KM) (MAH) |
| v. | : OPINION |
| JERSEY CITY POLICE DEPARTMENT, et al. | : |
| Defendants. | : |

**KEVIN MCNULTY, U.S.D.J.**

### I.   INTRODCUTION

Plaintiff, James D. Davis, is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. On March 19, 2015, this Court screened the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The complaint was dismissed, in part without prejudice, and Mr. Davis was given leave to file an amended complaint. Davis has now filed an amended complaint and I will order the Clerk to reopen this case.

At this time, the Court must review the amended complaint, as it did the original complaint, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. For the reasons set forth below, the amended complaint will be dismissed with prejudice.

### II.   BACKGROUND

A. Original Complaint

Mr. Davis's original complaint named the following defendants: (1) Jersey City Police Department; (2) Matthew Kilroy – Jersey City Police Officer; (3) Jason Perez – Jersey City

Police Officer; (4) Ansetti & Associates; and (5) Vincent Ansetti – Attorney at Law at Ansetti & Associates.

Mr. Davis's claims against the attorney defendants centered on Ansetti's alleged failure to prepare for a suppression hearing. I dismissed the Section 1983 civil rights claims against the attorneys because these defendants did not act under color of state law. Because the attorneys' liability was barred as a matter of law, that dismissal was with prejudice.

Mr. Davis's claims against the police defendants centered on a traffic stop that occurred on June 25, 2012. He claimed that the officers searched his vehicle without probable cause, which led directly to his arrest for illegal possession of a gun. I held that the claims against the police defendants were barred by the two-year statute of limitations. Because the applicability of the statute of limitations may be fact-dependent, this dismissal was without prejudice to the filing of an amended complaint. (*See* Screening Opinion and Order, Dkt. Nos. 2 and 3.)

B. Amended Complaint

Mr. Davis has now submitted an amended complaint. The allegations of the amended complaint will be construed as true for purposes of this screening. The amended complaint names three defendants: (1) Jersey City Police Department; (2) Matthew Kilory – Jersey City Police Officer; and (3) Jason Perez – Jersey City Police Officer. As before, Mr. Davis alleges in the amended complaint that Kilory and Perez violated his Fourth Amendment rights when they searched his car without probable cause in the course of a traffic stop on June 25, 2012. He requests monetary damages.

Mr. Davis argues that the time bar of the statute of limitations should be excused because he lacks knowledge of the law.

### III. STANDARD OF REVIEW

A. <u>Standard for Sua Sponte Dismissal</u>

The Prison Litigation Reform Act, Pub. L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), requires that district courts review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit.

To survive the court's screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## IV.  DISCUSSION

Mr. Davis sues under 42 U.S.C. § 1983. As noted in the prior Screening Opinion, Section 1983 claims are subject to New Jersey's two-year statute of limitations. *See Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013) (per curiam) (citing *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010)). The acts giving rise to Mr. Davis's claims against the police defendants occurred on June 25, 2012, when the purported illegal search of his vehicle took place. Then and there, Mr. Davis would have been aware of the facts giving rise to his claims against the police defendants. *See Woodson v. Payton*, 503 F. App'x 110, 112 (3d Cir. 2012) (per curiam) (noting claims based on illegal search generally accrue on the date of the search). The two-year Section 1983 statute of limitations began to run on June 25, 2012 and expired on June 25, 2014. Mr. Davis filed his complaint in January 2015, more than six months after the statute of limitations had expired. (*See* Screening Opinion, Dkt. No. 2, at 4-7.)

I have given the complaint and amended complaint the liberal reading required when a litigant is appearing *pro se*. *See Haines v. Kerner*, 404 U.S. 519 (1972); Screening Opinion, Dkt. No. 2, at 3 (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)). I also gave Mr. Davis all the possible benefit of the doubt as to the filing date. (*See* Screening Opinion,

Dkt. No. 2, at 5-6 (discussing "prisoner mailbox rule"). I considered tolling doctrines, but found that the original complaint set forth no basis for tolling of the limitations period. (*See* Screening Opinion, Dkt. No. 2, at 6-7.)

Mr. Davis does not really quarrel with the analysis of my prior opinion, but asserts that the time bar of the statute of limitations should be excused because he lacks knowledge of the law. As noted in the prior screening Opinion, New Jersey law "permits equitable tolling where 'the complainant has been induced or tricked by his adversary's misconduct into allowing the deadline to pass,' or where a plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum." *Cason v. Arie Street Police Dep't*, No. 10-0497, 2010 WL 2674399, at *5 n.4 (D.N.J. June 29, 2010) (citing *Freeman v. State*, 347 N.J. Super. 11, 31, 788 A.2d 867 (N.J. Sup. Ct. App. Div. 2002)).

That is very different, however, from a contention that the petitioner generally lacks knowledge in the law. General lack of legal sophistication is not a sufficient basis for equitable tolling. *See, e.g., Carson v. United States*, 12-0229, 2015 WL 435474, at *2 (D. Del. Jan. 30, 2015) (stating that ignorance of the law and lack of legal expertise does not excuse failure to make a prompt and timely filing) (citations omitted); *Bieregu v. Ashcroft*, 259 F. Supp. 2d 342, 355 (D.N.J. 2003) (stating that lack of legal knowledge does not constitute "extraordinary circumstance" required for equitable tolling). If such a contention were sufficient, the "extraordinary" remedy of equitable tolling would become quite ordinary; it would apply to most if not all *pro se* litigants.

Mr. Davis, given a second opportunity, has failed to allege facts demonstrating that his Section 1983 claims against the police should not be barred by the applicable two year statute of

5

limitations. There is therefore ample reason to believe that any further amendment would be futile. For the reasons expressed in this Opinion and the prior Screening Opinion, the amended complaint will be dismissed with prejudice.

## V. CONCLUSION

For the foregoing reasons, the amended complaint will be dismissed with prejudice. An appropriate order will be entered.

Dated: April 30, 2015

                                                     _____
                                                    KEVIN MCNULTY
                                                    United States District Judge